**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                            Case No. 00-cr-100-01-PB

<u>Wyman Hogan</u>

**O R D E R**

The defendant, Wyman Hogan, moved for a sentence reduction based upon the cocaine base ("crack cocaine") amendments to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 267).  That motion was denied without prejudice pending the proposed amendment taking effect on November 1, 2011 (document no. 268), which has now occurred.  The defendant then filed a second motion for sentence reduction and requested the appointment of counsel (document no. 276).  For the reasons stated below, both motions to reduce sentence, as well as his request for counsel, are DENIED.

On August 3, 2010, Congress enacted the Fair Sentencing Act to restore fairness to crack cocaine sentences.  Specifically, the 2010 Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug

Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010).  On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u).  Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1.  Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1.  On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in

sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, the defendant is not eligible to seek a reduced sentence under this amendment.

On January 23, 2001, the defendant was found guilty by jury verdict of a two (2) count Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute and Distribution of Fifty Grams or More of Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Possession of Cocaine Base, in violation of 21 U.S.C. § 844(a).  Based on the offenses and quantities of drugs involved, the court accepted the parties stipulation that the defendant's base offense level was thirty-four (34), that a three (3) level increase for an Official Victim enhancement applied, that a two (2) level (rather than a three (3) level) leadership role enhancement applied, and that the defendant was eligible to receive a two (2) level reduction for acceptance of responsibility.  After granting the defendant's motion for a downward departure pursuant to USSG §4A1.3, the court departed from a criminal history category VI to category III, which reduced the advisory guideline range from 360 months

to life to 262 months to 327 months.  The defendant was then sentenced to 262 months imprisonment.

The defendant subsequently requested a sentence reduction based upon the 2007 Crack Cocaine Guideline Amendments ("2007 Amendments").[1]  The parties agreed the defendant was entitled to a two (2) level reduction in his base offense level from thirty-four (34) to thirty-two (32), which changed his total adjusted base offense level to thirty-five (35).  Significantly, USSG § 1B1.10, comment (n.3), provided that "if the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(I) may be appropriate."  Thus, under the 2007 amendments, the departure to a criminal history category III continued to apply, resulting in a reduction in the defendant's amended guideline range to 210 to

---

[1] On November 1, 2007, the Federal Sentencing Guidelines were amended to adjust downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and to provide a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This guideline amendment was applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who were incarcerated. U.S.C. § 994(u).  The effective date for the retroactive application of this amendment was March 3, 2008.

262 months.  Ultimately, the court approved the parties agreement that the defendant receive a reduced sentence of 210 months.

In contrast, the application of the 2010 Fair Sentencing Act amendment to the defendant's sentence does not result in a further reduction.  The retroactive application of that amendment results in a two (2) level reduction in his base offense level from thirty-two (32) to thirty (30), and a corresponding reduction in his total base offense level from thirty-five (35) to thirty-three (33).  In contrast to the 2007 Amendments, however, USSG §1B1.10(b)(2)(A) provides that the court shall not reduce a current term of imprisonment that is less than the minimum of the amended guideline range as determined under the permanent guideline amendment.  Thus, the amendment does not authorize a further reduction for a criminal history departure.  As a result, with a criminal history category VI, the defendant's new amended guideline range is 235 to 293 months, which exceeds the defendant's amended sentence under the 2007 Amendments of 210 months.

Thus, for the reasons stated above, the defendant's motions to reduce sentence and request for the appointment of counsel (documents no. 267 & 276) are DENIED.

**SO ORDERED.**

Date: December 16, 2011                /s/ Paul J. Barbadoro
                                       _____
                                       Paul J. Barbadoro
                                       United States District Judge


cc:   Wyman Hogan, pro se